**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Perla Janeth Casillas Fimbres**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Lucid USA, Inc.**, a Delaware corporation, | |
| Defendant. | |

Plaintiff, Perla Janeth Casillas Fimbres ("Plaintiff" or "Perla Janeth Casillas Fimbres"), sues the Defendant, Lucid USA, Inc. ("Defendant"), and alleges as follows:

## PRELIMINARY STATEMENT

1.    This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  <u>See</u> 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek.  <u>See</u> 29 U.S.C. § 207(a).

3.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.      The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**<u>JURISDICTION AND VENUE</u>**

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

## PARTIES

7.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendant.

8.     At all material times, Defendant Lucid USA, Inc. is a corporation duly licensed to transact business in the State of Arizona.  At all material times, Defendant Lucid USA, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.     At all relevant times, Defendant Lucid USA, Inc. owned and operated as "Lucid Motors USA," an automobile company doing business in Phoenix, Arizona.

10.    Under the FLSA, Defendant Lucid USA, Inc. is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Lucid USA, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant.  As a person who acted in the interest of Defendant in relation to the company's employees, Defendant Lucid USA, Inc. is subject to liability under the FLSA.

11.    At all relevant times, Plaintiff was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

12.    The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendant.

13.     At all relevant times, Defendant was and continues to be an "employer" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

14.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendant.

15.     At all relevant times, Plaintiff was an "employee" of Defendant as defined by A.R.S. § 23-362.

16.     At all relevant times, Defendant was and continues to be an "employer" of Plaintiff as defined by A.R.S. § 23-362.

17.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

18.     Plaintiff, in her work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

19.     At all relevant times, Plaintiff, in her work for Defendant, was engaged in commerce or the production of goods for commerce.

20.     At all relevant times, Plaintiff, in her work for Defendant, was engaged in interstate commerce.

21.     Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

22.     Defendant owns and/or operates as Lucid Motors USA, an enterprise doing business in Maricopa County, Arizona.

23.     Plaintiff was hired by Defendant on approximately August 20, 2022.

24.     At all relevant times, Plaintiff worked for Defendant through August 24, 2022, when Defendant terminated Plaintiff's employment.

25.     At all relevant times, in her work for Defendant, Plaintiff worked as a materials handler for Defendant.

26.     Defendant, in its sole discretion, agreed to pay Plaintiff $22 per hour.

27.     Plaintiff, in her work for Defendant, worked approximately 40 hours before she was fired from her job.

28.     Defendant classified Plaintiff as W-2 employee.

29.     Prior to working directly for Defendant, Plaintiff worked as a materials handler for Schnellecke Logistics, a company with whom Defendant had contracted to receive the services that Plaintiff performed.

30.     In August 2022, Schnellecke Logistics informed its employees, including Plaintiff, who worked for Defendant that its services for Defendant would be ending on August 19, 2022.

31.     Likewise, Defendant informed such workers, including Plaintiff, that they would be transitioning into employees working directly for Defendant Lucid USA, Inc.

32.     In turn, Defendant Lucid USA, Inc. began the process of working to onboard such workers into its system.

33.     On or about August 20, 2022, Plaintiff became an employee of Defendant Lucid USA, Inc.

34.     On or about that same day, Plaintiff began working for Defendant as a forklift operator.

35.     On or about August 20, 2022, Defendant sent a communication to Plaintiff stating that it had not received acceptable work permit documents and needed to provide same on or before August 21, 2022.

36.     In her only workweek with Defendant, Plaintiff worked approximately 40 hours over the course of about four or five days.

37.     On or about August 26, 2022, Defendant fired Plaintiff for not having provided acceptable work permit-related documentation.

38.     Despite Plaintiff's having worked about 40 hours over the course of her final workweek, Defendant never paid Plaintiff any wages whatsoever for such time worked.

39.     As such, Defendant failed to compensate Plaintiff any wages whatsoever for the sole workweek of her employment with Defendant.

40.     Therefore, for the final workweek that Plaintiff worked for Defendant, Defendant paid Plaintiff no wages whatsoever.

41.     To date, Defendant has still paid no wages whatsoever to Plaintiff for such hours worked.

42.     As a result of not having paid any wage whatsoever to Plaintiff during her final workweek with Defendant, Defendant failed to pay the applicable minimum wage to Plaintiff.

43.     As a result of Defendant's failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant violated 29 U.S.C. § 206(a).

44.     As a result of Defendant's failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant violated the AMWA, A.R.S. § 23-363.

45.     As a result of Defendant's failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant violated the AMWA, A.R.S. § 23-350, et seq.

46.     Plaintiff was a non-exempt employee.

47.     Defendant refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

48.     Plaintiff is a covered employee within the meaning of the FLSA.

49.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

50.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

51.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

52.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, to be proven at trial, in an amount that

1  is treble the amount of her unpaid wages, plus interest thereon, and costs incurred under

2  A.R.S. § 23-355.

3  ### COUNT ONE: FAIR LABOR STANDARDS ACT
4  ### FAILURE TO PAY MINIMUM WAGE

5  53.   Plaintiff realleges and incorporates by reference all allegations in all

6  preceding paragraphs.

7
8  54.   As a result of not paying Plaintiff any wage whatsoever for the final

9  workweek of her employment, Defendant failed or refused to pay Plaintiff the FLSA-

10  mandated minimum wage.

11  55.   Defendant's practice of failing or refusing to pay Plaintiff at the required

12
13  minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

14  56.   Plaintiff is therefore entitled to compensation for the full applicable

15  minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as

16  liquidated damages, together with interest, reasonable attorney's fees, and costs.

17
18  **WHEREFORE**, Plaintiff, Perla Janeth Casillas Fimbres, respectfully requests that

19  this Court grant the following relief in Plaintiff's favor, and against Defendant:

20  A.   For the Court to declare and find that the Defendant violated minimum

21     wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper

22     minimum wages;

23
24  B.   For the Court to award Plaintiff's unpaid minimum wage damages, to be

25     determined at trial;

26

27

C.     For the Court to award compensatory damages, including liquidated

       damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the

       action pursuant to 29 U.S.C. § 216(b) and all other causes of action set

       forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

57.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58.    As a result of not paying Plaintiff any wage whatsoever for the final workweek of her employment, Defendant failed or refused to pay Plaintiff the Arizona minimum wage.

59.    Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

60.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Perla Janeth Casillas Fimbres, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

-9-

A.    For the Court to declare and find that the Defendant violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

61.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62.    As a result of the allegations contained herein, Defendant did not compensate Plaintiff wages due and owing to him.

63.    Defendant engaged in such conduct in direct violation of A.R.S. § 23-350.

64.    As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the final workweek in which she was employed by Defendant.

65.     Plaintiff is therefore entitled to compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Perla Janeth Casillas Fimbres, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A.     For the Court to declare and find that the Defendant violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.     For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.     For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.     For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.     Such other relief as this Court deems just and proper.

<u>**JURY TRIAL DEMAND**</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 27th day of September, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

## **VERIFICATION**

1

2        Plaintiff, Perla Janeth Casillas Fimbres, declares under penalty of perjury that she

3 has read the foregoing Verified Complaint and is familiar with the contents thereof.  The

4 matters asserted therein are true and based on her personal knowledge, except as to those

5 matters stated upon information and belief, and, as to those matters, she believes them to

6

7 be true.

8

9                                         Perla Fimbre

                                        Perla Janeth casillas fimbres (Sep 27, 2022 11:50 PDT)

10                                         Perla Janeth Casillas Fimbres

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27